UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 09-06311 |
| CARLYLE GROUP, LTD. | ) | |
| | ) | |
| | ) | Chapter: 7 |
| | ) | Honorable Timothy A. Barnes |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

## ORDER APPROVING SETTLEMENT OF ADVERSARY PROCEEDING

THIS MATTER COMING TO BE HEARD upon the motion (the "Motion") of Eugene Crane, not individually, but as Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Carlyle Group, Ltd. (the "Debtor"), by his attorneys, for the entry of an order pursuant to Fed. R. Bankr. P. 9019, approving the Trustee's settlement agreement with Alexander Search & Advisors ("Alexander"), as set forth in the settlement agreement and release attached to this Order as Exhibit A (the "Settlement Agreement"); due notice having been given; the Court having heard the statements of counsel, and otherwise being fully advised of the premises, and the Court having jurisdiction over this core matter;

IT IS HEREBY ORDERED THAT:
a. The terms set forth in the Settlement Agreement are approved;
b. The Trustee is authorized to enter into the Settlement Agreement and to undertake such other acts as may be reasonable and necessary to consummate the Settlement Agreement;
c. Alexander is directed to pay the full Settlement Payment of $2,500.00 to the Trustee;
d. Alexander is directed to withdraw and waive any and all claims filed against the Debtor's bankruptcy estate; and
e. Notice of the Motion is deemed sufficient and further notice is waived.

Enter:

Honorable Timothy A. Barnes

United States Bankruptcy Judge

Dated: **17 MAY 2016**

**Prepared by:**

Michael K. Desmond (IL #6208809)
William G. Cross (IL #6299574)
FIGLIULO & SILVERMAN, P.C.
10 S. LaSalle Street, Suite 3600
Chicago, Illinois 60603
Tel: (312) 251-4600
Fax: (312) 251-4610

# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Settlement Agreement") is entered into this ____ day of April, 2016, by and between Eugene Crane, not individually but solely in his capacity as the Chapter 7 trustee of the bankruptcy estate of the Carlyle Group, Ltd. ("Trustee") and Alexander Search & Advisors ("Alexander"), all of the above collectively referred to herein as the "Parties," and each, a "Party".

### R E C I T A L S

WHEREAS, on February 26, 2009 ("Petition Date"), Carlyle Group, Ltd. ("Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code, thereby initiating the case styled In re Carlyle Group, 09 B 06311 (the "Bankruptcy Case"), currently pending before the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Court");

WHEREAS, On June 16, 2009, the Bankruptcy Case was converted to a case under Chapter 7 of the Bankruptcy Code and Eugene Crane was appointed as the Trustee;

WHEREAS, the Trustee contends that on or within ninety (90) days immediately prior to the Petition Date, the Debtor made one or more transfers in the aggregate amount of $10,332.87 to or for the benefit of the Defendant (the "Transfers");

WHEREAS, on February 25, 2011, the Trustee commenced an adversary proceeding against Alexander seeking to avoid the Transfers, under the caption Crane v. Alexander Search & Advisors, Case No. 11-00508 (the "Adversary Complaint");

WHEREAS, Alexander has denied the allegations in the Adversary Complaint, and has asserted, among other defenses, contemporaneous exchange, ordinary course and new value defenses to the Transfers;

WHEREAS, Trustee and Alexander desire to avoid the uncertainties and expense of litigation to settle and compromise on the terms set forth below any and all claims that Trustee has or may have against Alexander with regard to the Transfers without admitting any liability therefor;

WHEREAS, Trustee and Alexander have had the opportunity to consult with counsel of their respective choice in connection with the matters related to the Adversary and this Settlement Agreement; and

WHEREAS, each of the parties to this Settlement Agreement agrees to bear its own costs and expenses, including attorneys' fees, arising out of the matters related to this Settlement Agreement.

NOW, THEREFORE, in consideration of the premises aforesaid and the mutual covenants herein contained, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Trustee and Alexander hereby agree as follows:

1. **Recitals Incorporated.** The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full, and made a part of, this Settlement Agreement.

2. **Settlement Payment.** Alexander shall pay $2,500.00 (the "Settlement Amount") to "Eugene Crane, Trustee of the Carlyle Group, Ltd." and direct payment to the Trustee's attorney, Michael K. Desmond of Figliulo & Silverman, P.C. so that such payment is received by Mr. Desmond within seven (7) days after the entry of a final non-appealable order of court approving this settlement (the "Final Order").

3. **Withdrawal of Claims in Bankruptcy Case.** As further consideration for the Trustee's agreement to enter into this settlement, Alexander agrees to withdraw

2

and waive any and all claims against the bankruptcy estate and also waive and release any claims pursuant to Section 502(h) of the Bankruptcy Code arising from this settlement.

4.    **Dismissal of Adversary.**  Upon entry of a Final Order approving the terms of this Settlement Agreement and payment of the Settlement Amount by Alexander the Trustee shall within three (3) business days thereafter file a Notice of Dismissal with prejudice of the Adversary Complaint.

5.    **Release of the Estate and Trustee.**  The Parties agree that, except for any obligations created by this Agreement, Alexander on behalf of itself, and its successors and assigns, hereby releases, waives, disclaims and discharges the estate and the Trustee and his agents, servants, assigns, predecessors, successors, insurers, attorneys and representatives, and the officers, directors, agents and representatives of any of the foregoing, from any and all claims, counterclaims, actions, causes of action, lawsuits, proceedings, adjustments, offsets, contracts, obligations, liabilities, controversies, costs, expenses, attorneys' fees and losses whatsoever, whether in law, in admiralty, in bankruptcy, or in equity, and whether based on any federal law, state law, common law right of action or otherwise, foreseen or unforeseen, matured or unmatured, fixed or contingent, inchoate or not inchoate, known or unknown, accrued or not accrued based upon the Transfers or matters arising in or relating to the claims in the Adversary Complaint or any claims filed in the Bankruptcy Case.

6.    **Release of Alexander.**  The Parties agree that except for any obligations created by this Agreement, the Trustee, on behalf of the Debtor and the estate hereby releases, waives, disclaims, and discharges Alexander and its agents, servants, assigns, predecessors, successors, insurers, attorneys and representatives, and the officers,

3

directors, agents and representatives of any of the foregoing, from any and all claims, counterclaims, actions, causes of action, lawsuits, proceedings, adjustments, offsets, contracts, obligations, liabilities, controversies, costs, expenses, attorneys' fees and losses whatsoever, whether in law, in admiralty, in bankruptcy, or in equity, and whether based on any federal law, state law, common law right of action or otherwise, foreseen or unforeseen, matured or unmatured, fixed or contingent, inchoate or not inchoate, known or unknown, accrued or not accrued based upon the Transfers or matters arising in or relating to the claims in the Adversary Complaint or any claims filed in the Bankruptcy Case.

7.    **Jurisdiction.**  The parties agree that the Court shall retain jurisdiction over the enforcement of this Settlement Agreement.  The parties further agree that this Settlement Agreement shall be construed and governed by applicable federal law and/or under the laws of the State of Illinois.

8.    **Amendment of Settlement Agreement.**  This Settlement Agreement may be amended only by a writing signed by all of the parties hereto.

9.    **Binding Effect.**  This Settlement Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

10.    **Entire Agreement.**  This Settlement Agreement constitutes the entire agreement of the parties hereto as to the subject matter hereof.  The undersigned acknowledge that there are no communications or understandings, oral or written, contrary, different or which in any way restrict this Settlement Agreement.  The undersigned further acknowledge that all prior agreements, communications, and understandings within the scope of the subject matter of this Settlement Agreement are, upon execution of this Settlement Agreement, superseded, null and void.

4

11.  **Counterparts.**  This Settlement Agreement may be executed in one or more counterparts, each counterpart to be considered an original portion of this Settlement Agreement.

12.  **Segregation.**  In the event that any one or more provisions contained in this Settlement Agreement shall for any reason be held invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision hereof, and this Settlement Agreement shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein.

13.  **Court Approval.**  This Settlement Agreement is expressly conditioned upon Court approval.

IN WITNESS WHEREOF, the parties hereto, each by persons duly authorized, have caused the Settlement Agreement to be executed as of the day and year first written above.

ALEXANDER SEARCH & ADVISORS

_____
One of its Attorneys

By: _____

Date: _____, 2016


EUGENE CRANE, Not Individually but as Trustee for the Chapter 7 Estate of CARLYLE GROUP, LTD.

_____
One of his Attorneys

By: _____

Date: _____4/19/_____, 2016


5

11.     **Counterparts.** This Settlement Agreement may be executed in one or more counterparts, each counterpart to be considered an original portion of this Settlement Agreement.

12.     **Segregation.** In the event that any one or more provisions contained in this Settlement Agreement shall for any reason be held invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision hereof, and this Settlement Agreement shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein.

13.     **Court Approval.** This Settlement Agreement is expressly conditioned upon Court approval.

IN WITNESS WHEREOF, the parties hereto, each by persons duly authorized, have caused the Settlement Agreement to be executed as of the day and year first written above.

ALEXANDER SEARCH & ADVISORS

EUGENE CRANE, Not Individually but as Trustee for the Chapter 7 Estate of CARLYLE GROUP, LTD.

_____
One of its Attorneys

_____
One of his Attorneys

By:    James M. Philbrick

By:    _____

Date: April 19          , 2016

Date: _____, 2016