LAW OFFICES
## FIGLIULO & SILVERMAN
A PROFESSIONAL CORPORATION

TEN SOUTH LASALLE STREET
SUITE 3600
CHICAGO, ILLINOIS 60603

Peter A. Silverman
(312) 251-5275
psilverman@fslegal.com

TELEPHONE
(312) 251-4600

FACSIMILE
(312) 251-4610

WWW.FSLEGAL.COM

November 5, 2010

Eugene Crane
Trustee For the Estate of Carlyle Group. Ltd..
135 S. LaSalle
Suite 3705
Chicago, IL  60603

Re:   Carlyle Croup, Ltd., 09-06311

Dear Mr. Crane:

This will confirm our agreement to represent you, not individually, but solely in your capacity as Trustee of the bankruptcy Estate of Carlyle Croup, Ltd., Case No 09 B 06311, (the "Estate"), to pursue collection of outstanding accounts receivable in excess of $25,000.00, as identified on attached Exhibit A, and investigate and prosecute potential preference claims and fraudulent transfer claims against certain insiders on behalf of the estate (the "Claims").  To the extent Fifth Third Bank asserts a security interest in the outstanding accounts receivable, our agreement to pursue collection of those accounts is expressly conditioned upon the agreement of Fifth Third Bank to pay for the legal fees and costs, as set forth herein, out of the proceeds of such collateral pursuant to 11 U.S.C. 506(c). It is understood and agreed that Peter A. Silverman, Michael K. Desmond and the attorneys at Figliulo & Silverman P.C. ("Counsel"), are only being retained for the specific purpose of investigating and pursuing the Claims as identified herein, and are not being retained to represent the trustee in connection with his general administration of the Estate.  To the extent you seek to retain us to provide other legal services we will require a separate retention agreement.

It is our policy to explain in writing how we charge for legal services and to obtain an agreement in writing from our clients confirming that understanding.

<u>Attorneys Fees</u>

Legal services for this matter will be rendered by the firm on a contingent fee basis of 33.0%, plus costs, based on the gross amount of any recovery obtained as a result of verdict, judgment or offer of settlement.



## LAW OFFICES
## FIGLIULO & SILVERMAN

In the event the Estate discharges Counsel after a verdict, judgment or an offer of settlement, then the fee due Counsel shall be as if the verdict, judgment or settlement had been recovered in full. The Estate may terminate Counsel and Counsel may withdraw from this matter at any time. In the event the Estate terminates Counsel before any recovery, the Estate shall pay Counsel their normal hourly rate for all time spent on this matter, and shall reimburse Counsel for all expenses advanced on behalf of the Estate, subject to application and approval by the Bankruptcy Court.

Expenses

In addition to the contingent fee set forth above, the Estate shall be responsible for all costs incurred in connection with investigating and pursuing the Claims, including, but not limited to such expenses as filing fees, expert witness fees, deposition costs, transcripts, travel costs, copying costs, and courier charges. Counsel may ask the Estate to pay directly any significant costs involved in pursuing the Claims. Any other costs which we advance will be reimbursed by the Estate out of the general funds of the Estate, or out of any recovery, subject to approval of the Bankruptcy Court. All expenses advanced by Counsel shall be entitled to and shall be treated as an administrative priority expense claim of the Estate.

This agreement is subject to approval by the Bankruptcy Court. In the event the Bankruptcy Court fails to approve our retention on the terms set forth in this letter, we reserve the right to withdraw from this engagement. This agreement shall be binding on the Estate and its successors and assigns including any successor trustee.

In the event you fail to comply with the terms of this agreement, we reserve the right to withdraw from your representation. If you agree with the terms of this fee agreement, kindly sign and return a copy of this letter to my attention.

Respectfully,

Peter A. Silverman

AGREED AND ACCEPTED:

_____
Eugene Crane
Trustee

Dated:_____